# EXHIBIT A

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK      NJ 08903-2633
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:    FEBRUARY 27, 2020
                          RE:      CLETO-SORIANO WILFREDO   VS CARGO TRANSPORTERS,  I
                          DOCKET:  MID L -001281 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMIE D. HAPPAS

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     004
AT:   (732) 645-4300.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                                    ATT: EUGENE S. WISHNIC
                                    WISHNIC & JERUSHALMY
                                    146 LIVINGSTON AVE
                                    NEW BRUNSWICK    NJ 08901

ECOURTS
```

Eugene S. Wishnic, Esquire - 040411992
**WISHNIC & JERUSHALMY**
146 Livingston Avenue
New Brunswick, New Jersey 08901
Telephone (732) 448-1700
Facsimile (732) 448-1624
Attorneys for Plaintiff

|  |  |
|---|---|
| **WILFREDO CLETO-SORIANO,** <br><br> Plaintiff, <br><br> v. <br><br> **CARGO TRANSPORTERS, INC., NICK RODRIGUEZ, JOHN DOE(S) 1-10 (fictitious names, true names unknown), JANE DOE(S) 1-10 (fictitious names, true names unknown), ABC CORPORATION(S) 1-10 (fictitious names, true names unknown)** <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MIDDLESEX COUNTY <br><br> Docket No.: MID-L- <br><br> *Civil Action* <br><br><br> **COMPLAINT, JURY DEMAND, DEMAND FOR PRODUCTION OF DOCUMENTS, & DEMAND FOR ANSWERS TO FORM C AND C(1) INTERROGATORIES** |

Plaintiff, WILFREDO CLETO-SORIANO, residing at 251 Baldwin Street, First Floor, City of New Brunswick, County of Middlesex, and State of New Jersey, by way of Complaint against the Defendants, say:

## GENERAL ALLEGATIONS AND JURISDICTION

1. At all times relevant herein, Plaintiff, WILFREDO CLETO-SORIANO, resided and continues to reside at 251 Baldwin Street, First Floor, City of New Brunswick, County of Middlesex, and State of New Jersey.

2. At all times relevant herein, Defendant, NICK RODRIGUEZ, resided at 1112 Oakgrove Avenue, City of Martinsville, Commonwealth of Virginia.

3. At all times relevant herein, Defendant, CARGO TRANSPORTERS, INC., was a motor carrier involved in interstate commerce, as defined by the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399, and/or motor carrier involved in intrastate commerce, as defined by N.J.A.C. 13:60-1.1, et seq., with a principle place of business at 3388 North Oxford Street, County of Catawba, and State of North Carolina.

4. At all times relevant herein, Defendant, NICK RODRIGUEZ, was operating within his scope as an employee, servant or agent of Defendant, CARGO TRANSPORTERS, INC.

5. On or about April 16, 2018, Plaintiff, WILFREDO CLETO-SORIANO, was a passenger in a vehicle owned by non-party Roger Lainez and operated by non-party Olga Lainez, which vehicle was traveling northbound on Tower Road, at or near its intersection with Ridge Road, in the Township of South Brunswick, County of Middlesex, and State of New Jersey.

6. At the same time and place, Defendant, NICK RODRIGUEZ, was operating a commercial motor vehicle owned by Defendant, CARGO TRANSPORTERS, INC., on Tower Road at or near its intersection with Ridge Road, in South Brunswick, New Jersey, and directly in front of the vehicle in which Plaintiff was a passenger. The Defendants were negligent and careless in the ownership, operation, maintenance and control of their vehicle, struck the vehicle in which Plaintiff, WILFREDO CLETO-SORIANO, was a passenger, and caused Plaintiff, WILFREDO CLETO-SORIANO, to sustain severe and permanent injuries.

### FIRST COUNT
### (Negligence of Defendant, NICK RODRIGUEZ)

7. Plaintiff repeats the General Allegations as if set forth herein.

8. Defendant, NICK RODRIGUEZ, was negligent in the operation of his motor vehicle in that he failed to make proper observations, take proper precautions and was otherwise inattentive, careless and negligent.

9. As a result of the negligence of the Defendant aforesaid, Plaintiff, WILFREDO CLETO-SORIANO, has suffered severe and permanent bodily injuries for which he has obtained medical treatment and which have caused him great pain and suffering, incapacitated him from pursuing usual activities and left him with permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiff, WILFREDO CLETO-SORIANO, demands a judgment against Defendant, NICK RODRIGUEZ, herein for damages in an amount sufficient to compensate him for his injuries together with interest and costs of suit and other remedies.

### SECOND COUNT
### (Statutory Violations of Defendant, NICK RODRIGUEZ)

10. Plaintiff repeats the allegations of the General Allegations and First Count as if set forth herein.

11. Defendant NICK RODRIGUEZ's operation of the commercial motor vehicle in interstate commerce and/or intrastate commerce is governed by N.J.A.C. 13:60-1.1, et seq., and the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399.

12. Defendant, NICK RODRIGUEZ, violated state and federal statutes and regulations, including but not limited to N.J.A.C. 13:60-1.1, et seq., and the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399.

13. Defendant, NICK RODRIGUEZ, is negligent *per se* based on these statutory and regulatory violations.

14. As a direct and proximate result of Defendant NICK RODRIGUEZ's statutory violations, Plaintiff, WILFREDO CLETO-SORIANO, has suffered severe and permanent bodily injuries for which he has obtained medical treatment and which have caused him great pain and suffering, incapacitated him from pursuing usual activities and left him with permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiff, WILFREDO CLETO-SORIANO, demands judgment against Defendant, NICK RODRIGUEZ, herein for damages in an amount sufficient to compensate him for his injuries together with interest and costs of suit and other remedies.

### THIRD COUNT

### (Punitive Damages against Defendant, NICK RODRIGUEZ)

15. Plaintiff repeats the allegations of the General Allegations, First and Second Count as if set forth herein.

16. The acts and omissions aforesaid by Defendant, NICK RODRIGUEZ, constitute a wanton and willful disregard of the safety of members of the general public or about the public roadways.

17. Plaintiff, WILFREDO CLETO-SORIANO, was a person who would foreseeably be harmed by such acts and omissions.

18. Plaintiff, WILFREDO CLETO-SORIANO, seeks damages pursuant to N.J.S.A. 2A:15-5.9, Punitive Damages Act.

**WHEREFORE**, Plaintiff, WILFREDO CLETO-SORIANO, demands judgment against Defendant, NICK RODRIGUEZ, herein for punitive damages, together with interest and costs of suit and other remedies.

## FOURTH COUNT
### (Vicarious Liability of Defendant, CARGO TRANSPORTERS, INC.)

19. Plaintiff repeats the allegations of the General Allegations, First, Second and Third Count as if set forth herein.

20. Defendant, CARGO TRANSPORTERS, INC., is vicariously liable for the negligent acts and omissions of Defendant, NICK RODRIGUEZ, aforesaid.

21. As a result of the negligence of the Defendant aforesaid, Plaintiff, WILFREDO CLETO-SORIANO, has suffered severe and permanent bodily injuries for which he has obtained medical treatment and which have caused him great pain and suffering, incapacitated him from pursuing usual activities and left him with permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiff, WILFREDO CLETO-SORIANO, demands judgment against Defendant, CARGO TRANSPORTERS, INC., herein for damages in an amount sufficient to compensate him for his injuries together with interest and costs of suit and other remedies.

## FIFTH COUNT
### (Negligence of Defendant, CARGO TRANSPORTERS, INC.)

22. Plaintiff repeats the allegations of the General Allegations, First, Second, Third and Fourth Count as if set forth herein.

23. Defendant, CARGO TRANSPORTERS, INC., had a duty to act reasonably in hiring, training, supervising and retaining Defendant, NICK RODRIGUEZ, and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

24. Defendant, NICK RODRIGUEZ, was not competent to safely operate commercial motor vehicles at the beginning and throughout the course of his employment by Defendant, CARGO TRANSPORTERS, INC.

25. Defendant, CARGO TRANSPORTERS, INC., negligently hired, failed to train and supervise, and negligently retained Defendant, NICK RODRIGUEZ, as a commercial motor vehicle operator and was otherwise negligent by entrusting Defendant, NICK RODRIGUEZ, with the operation of commercial motor vehicles under its operating authority.

26. As a result of the negligence of the Defendant aforesaid, Plaintiff suffered severe and permanent bodily injuries for which he has obtained medical treatment and which have caused him great pain and suffering, incapacitated him from pursuing usual activities and left him with

permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiff, WILFREDO CLETO-SORIANO, demands judgment against Defendant, CARGO TRANSPORTERS, INC., herein for damages in an amount sufficient to compensate him for his injuries together with interest and costs of suit and other remedies.

## SIXTH COUNT
### (Statutory Violations of Defendant, CARGO TRANSPORTERS, INC.)

27. Plaintiff repeats the allegations of the General Allegations, First, Second, Third, Fourth and Fifth Count as if set forth herein.

28. Pursuant to the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399, and specifically FMCSR §390.3(e)(1), Defendant, CARGO TRANSPORTERS, INC., was required to be knowledgeable of and comply with all regulations applicable to its operations.

29. Pursuant to the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399, and specifically FMCSR §390.3(e)(2), Defendant, CARGO TRANSPORTERS, INC., was required to instruct Defendant, NICK RODRIGUEZ, regarding all applicable regulations.

30. Pursuant to the Federal Motor Carrier Safety Act – 49 CFR Parts 300 – 399, and specifically FMCSR §390.13, Defendant, CARGO TRANSPORTERS, INC., was prohibited from aiding, abetting, encouraging or requiring Defendant, NICK RODRIGUEZ, to violate the applicable regulations.

31. Defendant, CARGO TRANSPORTERS, INC., violated and encouraged Defendant, NICK RODRIGUEZ, to violate state and federal statutes and regulations and fostered an environment that created, allowed and encouraged a systematic violation of state and federal statutes and regulations, including, but not limited to the Federal Motor Carrier Safety Act.

32. As a direct and proximate result of Defendant, CARGO TRANSPORTERS, INC., violations, Plaintiff, WILFREDO CLETO-SORIANO, has suffered severe and permanent bodily injuries for which he has obtained medical treatment and which have caused him great pain and suffering, incapacitated him from pursuing usual activities and left him with permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

33. Defendant, CARGO TRANSPORTERS, INC., is negligent *per se* based on these statutory and regulatory violations.

**WHEREFORE**, Plaintiff, WILFREDO CLETO-SORIANO, demands judgment against Defendant, CARGO TRANSPORTERS, INC., herein for damages in an amount sufficient to compensate him for his injuries together with interest and costs of suit and other remedies.

### SEVENTH COUNT
### (Punitive Damages against Defendant, CARGO TRANSPORTERS, INC.)

34. Plaintiff repeats the allegations of the General Allegations, First, Second, Third, Fourth, Fifth and Sixth Count as if set forth herein.

35. The acts and omissions aforesaid by Defendant, CARGO TRANSPORTERS, INC., constitute a wanton and willful disregard of the safety of members of the general public on and about the public roadways.

36. Plaintiff, WILFREDO CLETO-SORIANO, was a person who would foreseeably be harmed by actions and admissions.

37. Plaintiff, WILFREDO CLETO-SORIANO, seeks damages pursuant to N.J.S.A. 2A:15-5.9, Punitive Damages Act.

**WHEREFORE**, Plaintiff, WILFREDO CLETO-SORIANO, demands judgment against Defendant, CARGO TRANSPORTERS, INC., herein for punitive damages together with interest and costs of suit and other remedies.

### EIGHTH COUNT
### (Strict Liability of Defendant, CARGO TRANSPORTERS, INC.)

38. Plaintiff repeats the allegations of the General Allegations, First, Second, Third, Fourth, Fifth and Sixth and Seventh Count as if set forth herein.

39. Regardless of employment relationship, Defendant, CARGO TRANSPORTERS, INC., is the registered owner of the USDOT number 257768 displayed on the commercial motor vehicle involved in the subject crash and is therefore responsible for the acts and omissions of the driver of the vehicle.

40. As a direct and proximate result of Defendant, CARGO TRANSPORTERS, INC., acts or omissions aforesaid, Plaintiff, WILFREDO CLETO-SORIANO, has suffered severe and permanent bodily injuries for which he has obtained medical treatment and which have caused him great pain and suffering, incapacitated him from pursuing usual activities and left him with permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiff, WILFREDO CLETO-SORIANO, demands judgment against Defendant, CARGO TRANSPORTERS, INC., herein for damages in an amount sufficient to compensate him for his injuries together with interest and costs of suit and other remedies.

## NINTH COUNT
### (Fictitious Parties)

41. Plaintiff repeats the allegations of the General Allegations, First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Count as if set forth herein.

42. Defendants, JOHN DOE(S) 1-10, JANE DOE(S) 1-10, and ABC CORPORATION(S) 1-10, are fictitious names intended to represent additional persons or legal entities that have direct liability and/or vicarious liability for the injuries suffered by Plaintiff, WILFREDO CLETO-SORIANO.

43. As a direct and proximate result of the Defendants, JOHN DOE(S) 1-10, JANE DOE(S) 1-10, and ABC CORPORATION(S) 1-10, acts or omissions aforesaid, Plaintiff, WILFREDO CLETO-SORIANO, has suffered severe and permanent bodily injuries for which he has obtained medical treatment and which have caused him great pain and suffering, incapacitated him from pursuing usual activities and left him with permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

**WHEREFORE**, Plaintiff, WILFREDO CLETO-SORIANO, demands judgment against Defendants, JOHN DOE(S) 1-10, JANE DOE(S) 1-10, and ABC CORPORATION(S) 1-10, herein for damages in an amount sufficient to compensate him his injuries together with interest and costs of suit and other remedies.

## JURY DEMAND

**PLEASE TAKE NOTICE** that pursuant to R. 4:35-1, the Plaintiff demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to R. 4:25-4, Eugene S. Wishnic, Esquire, is hereby designated as trial counsel for the Plaintiff in the above-captioned litigation.

## NOTICE TO PRODUCE

Pursuant to R. 4:18-1, the Plaintiff hereby demands that each Defendant produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and each Defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance affording coverage to the Defendant, including but not limited to primary insurance policies, secondary insurance policies and/or umbrella policies. As to each available policy, please provide the following information: (a) policy number; (b) name and address of issuer or insurer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits. For each such policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation, records or reports, concerning the happening of the incident in question or the investigation of same, including but not limited to police reports, accident reports and/or incident reports.

3. Color duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions, or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all statements, documents, communications and/or transmissions, whether signed or unsigned, in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority, or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to safety manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

6. Copies of any and all discovery received from any other parties to the action in question.

7. Copies of any and all reports on the Plaintiff received by the Defendants, or any other party to this suit, from either the Central Index Bureau (CIB) or from any other source.

8. Copies of any and all medical information and/or documentation concerning the Plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

9. Copies of any and all records of any type concerning the Plaintiff or the incident in question which have been subpoenaed by the Defendant or received from any other source.

10. Copies of cellular phone bills or any and all phones to which Defendant had access to on the date of the subject accident.

11. Copy of the entire property damage file maintained by each Defendant, their insurance companies and their respective counsel including but not limited to color photos and repair estimates for all vehicles involved in the subject accident.

12. Names and current addresses of the individual(s) who last inspected the Defendant's vehicle prior to the subject collision, whether by a governmental authority or by an agent, servant, and/or employee of this Defendant (e.g. daily inspections prior to operation).

13. Names and current addresses of all occupants to this Defendant's vehicle at the time of the subject collision.

14. If this Defendant contends that the Plaintiff's injuries were caused by another incident or some other physical condition, disease or injury, set forth the nature of same and attach a copy of all written documents which are in the possession of the Defendant relating thereto.

15. If this Defendant intends to produce the testimony of any expert witnesses at Trial, including the treating physicians or persons who have conducted an examination pursuant to R. 4:19, set forth the names and addresses of each such witness, their area of expertise, the subject matter on which they are expected to testify, and a summary of the grounds of each opinion. Attach a true copy of all written reports provided to this Defendant by such witnesses and a summary of any oral reports.

16. If applicable, list any and all telephone numbers imprinted on the Defendant's vehicles which ask other drivers on the road to call regarding the manner in which Defendant's vehicle was being operated. Please provide copies of any logs that track the calls together with the callers' names and addresses, dates on which the calls were received, and the specific complaint/comment and specific driver to which each such call pertains.

## CERTIFICATION

I hereby certify that this matter is not the subject matter or any other suit presently pending in any other Court or in any American Arbitration proceeding.

WISHNIC & JERUSHALMY
Attorneys for Plaintiff

BY: _____
EUGENE S. WISHNIC, ESQ.

**DATED:** February 27, 2020

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-001281-20

**Case Caption:** CLETO-SORIANO WILFREDO VS CARGO TRANSPORTERS, I
**Case Initiation Date:** 02/27/2020
**Attorney Name:** EUGENE S WISHNIC
**Firm Name:** WISHNIC & JERUSHALMY
**Address:** 146 LIVINGSTON AVE
NEW BRUNSWICK NJ 08901
**Phone:** 7324481700
**Name of Party:** PLAINTIFF : CLETO-SORIANO, WILFREDO
**Name of Defendant's Primary Insurance Company (if known):** GREAT WEST CASUALTY CO

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Are sexual abuse claims alleged?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** YES
   **If yes, for what language:**
   SPANISH

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/27/2020
Dated

/s/ EUGENE S WISHNIC
Signed